J-S83038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN STEVENS | : | |
| | : | |
| Appellant | : | No. 1021 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0307541-2001

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 09, 2018**

Appellant, Devin Stevens, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On October 21, 2002, a jury convicted Appellant of rape, incest, corruption of minors, endangering the welfare of children, and terroristic threats.  The court sentenced Appellant on February 12, 2003, to an aggregate term of 16-34 years' incarceration.  This Court affirmed the judgment of sentence on July 21, 2004.  ***See Commonwealth v. D.S.***, 860 A.2d 1134 (Pa.Super. 2004) (unpublished memorandum).  Appellant sought no further direct review.  So, the judgment of sentence became final on August 20, 2004.  On July 13, 2005, Appellant filed his first PCRA petition, which was ultimately unsuccessful.

Appellant filed his second, current *pro se* PCRA petition on June 14, 2016.[1]  On December 19, 2016, the PCRA court issued Rule 907 notice; Appellant filed a *pro se* response on January 12, 2017.  On February 10, 2017, the PCRA court dismissed Appellant's PCRA petition.  Appellant timely filed a *pro se* notice of appeal on March 8, 2017.[2]  The PCRA court did not order a Rule 1925(b) statement, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when

---

[1]  Under the prisoner mailbox rule, we deem the petition filed on June 14, 2016.  ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that document is considered filed on date *pro se* prisoner delivers it to prison authorities for mailing).

[2] Appellant's *pro se* notice of appeal is deemed filed on March 8, 2017, per the prisoner mailbox rule.  ***See id.***

the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). To assert the newly created constitutional right exception per Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." *Chambers, supra* at 41. Under the Section 9545(b)(1)(iii) exception, the 60-day rule runs from the filing date of the cited decision. ***Commonwealth v. Secreti***, 134 A.3d 77, 80 (Pa.Super. 2016).

Instantly, Appellant's judgment of sentence became final on August 20, 2004, upon expiration of the 30-days to file a petition for allowance of appeal in our Supreme Court. ***See*** Pa.R.A.P. 1113(a). Appellant filed the current *pro se* PCRA petition on June 14, 2016, which is patently untimely. Appellant attempts to invoke the "new constitutional right" exception citing: (i) ***Welch v. United States***, ____ U.S. ____, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016); and (ii) ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); and ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super. 2014). The cases Appellant cites, however, do not serve as exceptions to the PCRA time-bar under these circumstances. ***See Commonwealth v. Spotz***, ____ Pa. ____, 171 A.3d 675 (2017) (holding ***Welch*** does not satisfy newly recognized constitutional right exception to PCRA timeliness requirement where petitioner was sentenced under state statutes); ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding that even if ***Alleyne*** announced new constitutional right, neither

our Supreme Court nor United States Supreme Court has held *Alleyne* and its progeny apply retroactively in case where judgment of sentence was already final when *Alleyne* was decided). Additionally, Appellant failed to file his current petition within 60 days of *Alleyne*, decided on June 17, 2013, and *Wolfe*, decided on December 24, 2014. *See Secreti, supra*; 42 Pa.C.S.A. § 9545(b)(2), *supra*. Therefore, Appellant's petition remains time-barred, the PCRA court lacked jurisdiction to review it on the merits, and the court properly dismissed it as untimely. *See Zeigler, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/18